IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
   )
           Plaintiff,    )
   )
v.    )    Case No.  06-10119-02-WEB
   )
PRESILIANO GONZALES-BERUET,    )
aka Presiliano Gonzalez-Beruete,    )
   )
          Defendant.    )
   )

## Memorandum and Order

This matter came before the court on the defendant's objections to the Presentence Report. The court orally denied the objections at the sentencing hearing of May 15, 2007. This written memorandum will supplement the court's oral ruling.

     I. *Objections*.

The defendant filed two objections to the Presentence Report. Neither party had any evidence to present concerning the objections.

*Defendant's Objection No. 1*: Defendant first objects that he should receive a reduction under USSG § 3B1.2 for being a minor or minimal participant in the offense. The court finds that no reduction for minor or minimal participant is appropriate in this case. Section 3B1.2 is intended to provide a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant. U.S.S.G. § 3B1.2 cmt. n. 3(A). A defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a reduction under this section. *United States v. Virgen-Chavarin*, 350 F.3d 1122, 1131 (10th Cir. 2003).

In making this determination, the focus is upon "the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1277 (10th Cir. 2004).  In this instance, the defendant has provided no credible evidence that he lacked knowledge about the scope of the criminal activity or that he is substantially less culpable than others involved in the offense. The court notes it is uncontroverted in the PSR that the defendant admitted to agents after his arrest that he had purchased the truck in which the marijuana was found, that he had had the truck in his possession while it was "repaired," and that Grozav (the man with whom he was stopped) knew nothing about the false compartment or the drugs.  Given the circumstances, the court is not persuaded that defendant is entitled to a minor participant reduction.

*Defendant's Objection No. 2*:  Defendant's second objection is that he should receive a "safety valve" reduction under Section 5C1.2 and 18 U.S.C. § 3553(f).  A defendant is entitled to application of the safety valve if he shows by a preponderance of evidence that five prerequisites are met, including a showing that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has" concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.  *See* USSG § 5C1.2(a)(5).  The fact that a defendant does not have any relevant or useful information to provide does not prevent him from receiving the safety valve.  *Id*.  But the defendant must truthfully tell all he knows to the Government, including about his own involvement and whatever he knows about the involvement of other participants in the offense. *See United States v. Acosta-Olivas*, 71 F.3d 375, 379 (10th Cir. 1995).

The defendant has not met his burden on this issue.  As the Government points out, it is

undisputed that defendant's fingerprint was found on the inner-wrapping of one of the marijuana packages, and the defendant has given the Government no explanation for that fact.  Moreover, the circumstances of the offense indicate that the defendant has not provided the Government with a full and truthful explanation of his involvement and the involvement of others in the offense.  As such, he is not entitled to application of the safety valve.

II.  *Conclusion*.

Defendant's objections to the Presentence Report are DENIED.  The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this 15th  Day of May, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge